■ MARGARET FILIBERTO, Individually and as Mother and Guardian of PATRICK FILIBERTO, an Infant, and as Administrator of the Estate of THOMAS R. FILIBERTO, Deceased, Respondent, v HERK's TAVERN, INC., et al., Defendants, and MJM DINER, INC., Doing Business as AMSTERDAM DINER, Appellant. [686 NYS2d 886] —Graffeo, J. Appeal from an order of the

Supreme Court (Best, J.), entered January 14, 1998 in Montgomery County, which, *inter alia*, denied a motion by defendant MJM Diner, Inc. for summary judgment dismissing the complaint against it.

Thomas R. Filiberto (hereinafter decedent) spent the early morning hours of December 27, 1991 consuming alcoholic beverages at Herk's Tavern located in the City of Amsterdam, Montgomery County. When the tavern closed at 4:00 A.M., defendant Philip R. Bracchi, the tavern's proprietor, drove decedent to MJM Diner to eat. A waitress served the men two hot roast beef sandwiches and green beans and while decedent was consuming his food, he stopped breathing. Two patrons of the diner unsuccessfully attempted to execute the Heimlich maneuver on decedent and an employee of the diner telephoned immediately for an ambulance. Decedent was taken to the hospital where he died.

This wrongful death action was commenced by plaintiff against Bracchi and defendants Herk's Tavern, Inc. and MJM Diner, Inc. (hereinafter MJM) contending, *inter alia*, that MJM was negligent for having served decedent food while he was visibly intoxicated and for the improper placement of the poster with instructions regarding choking emergencies. All defendants moved for summary judgment dismissing the complaint, which was denied by Supreme Court. MJM now appeals.

Plaintiff asks this Court to impose a common-law duty on MJM, a food-service establishment that does not serve alcoholic beverages, to refuse to serve food to a patron who appears to be in an intoxicated condition. While a restaurant has a duty to undertake reasonable care to protect patrons on its premises (*see, Davis v City of New York*, 183 AD2d 683), a defendant owes no duty to protect a person from the consequences of his or her own voluntary intoxication (*see, Livelli v Teakettle Steak House*, 212 AD2d 513; *Vandenburg v Brosnan*, 129 AD2d 793, *affd* 70 NY2d 940). Upon our review of the record, we conclude, as a matter of law, that it was not reasonably foreseeable that decedent would stop breathing or choke as the result of being served a hot roast beef sandwich (*cf., Rutnik v Colonie Ctr. Ct. Club*, 249 AD2d 873, *lv denied* 92 NY2d 808; *Wells v Finnegan*, 177 AD2d 893). Even viewing the evidence in a light most favorable to plaintiff, as the court must in a motion for summary judgment (*see, Wilsen Assocs. Real Estate Corp. v Pizilly*, 204 AD2d 777), plaintiff offered no viable evidence tending to suggest that serving food to an intoxicated person was dangerous or created a foreseeable health risk; the fact that decedent unfortunately died, allegedly as the result of a blockage in his

trachea, is not sufficient. Furthermore, plaintiff has not proffered admissible evidence connecting decedent's death to his intoxicated state.

Additionally, plaintiff's reliance on *O'Leary v American Airlines* (100 AD2d 959) in support of her contention that MJM breached its duty by serving decedent food in an intoxicated condition is misplaced. Although that case involved an inebriated person who choked while eating, the defendant airline was a common carrier and not only served food but alcoholic beverages to its passenger.

It would be inconsistent with the legislative intent and plain language of the statute to expand the liability imposed by the Dram Shop Act (*see,* General Obligations Law § 11-101; *cf., D'Amico v Christie,* 71 NY2d 76, 84) to a defendant engaged solely in food service. The enactment of General Obligations Law § 11-101 created a narrow exception to the common law permitting a cause of action against persons who unlawfully sell alcoholic beverages to an intoxicated person for injuries sustained by third parties as the result of the inebriant's conduct (*see,* Alcoholic Beverage Control Law § 65 [2]; *Romano v Stanley,* 90 NY2d 444, 449). Hence, the provisions of the Dram Shop Act are clearly inapplicable to MJM since the diner was not licensed to sell alcoholic beverages and did not furnish any liquor to decedent.

We further reject plaintiff's claim that liability is derived from MJM's alleged failure to place a first-aid poster in a proper location at the diner (*see,* Public Health Law § 1352-b). Notably, neither plaintiff's complaint nor her bill of particulars raised this issue. Without addressing whether the placement of the emergency instructions was proper pursuant to Public Health Law § 1352-b (3), we find that the location of the poster was not a substantial factor in decedent's death. The record is clear that immediately after decedent stopped breathing, two patrons came to his assistance. The first patron who attempted to clear the obstruction was a retired firefighter with substantial experience in first aid and the Heimlich maneuver. The second patron, a restaurant manager who was familiar with the Heimlich maneuver, also performed the procedure numerous times. Plaintiff has failed to submit admissible evidence supporting her allegation that appropriate first aid was not provided or that the Heimlich maneuver was not properly performed. Rather, the record establishes that emergency first aid was administered immediately by two patrons and emergency telephone calls were placed by an MJM employee. Unfortunately, the emergency medical technicians who

responded were unsuccessful in removing the blockage. Under these circumstances, we determine that as a matter of law the placement of the poster was not a proximate cause of decedent's death.

Accordingly, for the foregoing reasons, MJM's motion for summary judgment should have been granted.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant MJM Diner, Inc., by reversing so much thereof as denied said defendant's motion for summary judgment; motion granted, summary judgment awarded to defendant MJM Diner, Inc. and complaint dismissed against it; and, as so modified, affirmed.