■ Dona J. Poole, Appellant, v Susquehanna Motel Corporation, Respondent, et al., Defendant. [720 NYS2d 592] —Carpinello, J. Appeal from an order of the Supreme Court (Dowd, J.), entered November 9, 1999 in Otsego County, which granted a motion by defendant Susquehanna Motel Corporation to dismiss the second cause of action of the complaint against it.

While dancing at a bar owned and operated by defendant Susquehanna Motel Corporation (hereinafter defendant), plaintiff was bumped by another patron on the dance floor. Plaintiff approached the man following the incident and attempted to get his name and address, which he refused to provide. At this time, according to plaintiff, the man became "very nasty and belligerent." Upon learning of the incident, a manager offered medical assistance to plaintiff, which was declined. An incident report was then completed in plaintiff's presence and the manager also asked the director of security to find the offending patron in an attempt to obtain his name, address, telephone number and his version of events.

When the man was approached by the director of security, he was uncooperative and appeared angry and annoyed. He told the director that his name was "Charles Baxter" and that he lived in "Castle Creek." He also gave a telephone number.

He would not give a more complete address and indicated that the entire situation was "bull" and that plaintiff knew it. The information provided to the director of security turned out to be false. Plaintiff is now suing defendant (as well as "Charles Baxter") for injuries she allegedly sustained that night on the dance floor. In her second cause of action, she claims that defendant negligently failed to secure adequate information about the man with whom she collided which would have aided her in locating and pursuing litigation against him. Specifically, she claims that defendant had an obligation to secure such information as his name and address, the name of his employer and his credit card number. She appeals from an order of Supreme Court dismissing this cause of action.

As plaintiff has wholly failed to demonstrate that defendant breached any legally cognizable duty owed to her, the absence of duty being fatal to a claim of negligence, we affirm (*see, e.g., Lauer v City of New York*, 95 NY2d 95, 100; *Pulka v Edelman*, 40 NY2d 781, 782). Specifically, plaintiff cites no legal authority for her claim that defendant owed her a duty to secure information so as to protect her litigation interests, and in our view none exists under the circumstances (*see, Woods v New York State Olympic Regional Dev. Auth.*, 169 Misc 2d 8, 15). Even if defendant, the proprietor of a business establishment, owed a duty to plaintiff, a patron allegedly injured thereon, that duty was fulfilled. After learning of the incident, defendant's employees took prompt steps to ensure that plaintiff received any assistance that was necessary and that the incident was investigated and recorded in an internal accident report. These steps included approaching the man and requesting information necessary to complete the report. The fact that defendant's practice may have been to complete accident forms following an incident of this nature and/or attempt to interview all third parties involved in such incident does not create a cognizable duty on its part to require a patron, whether cooperative or not, to furnish personal information.

Furthermore, neither defendant's director of security nor any other employee, as private citizens, could force the man with whom plaintiff collided to answer any question or divulge any information about himself or the incident (*see, id.*). Similarly, none of defendant's employees could forcibly detain the man because he provided only partial responses to questions. Defendant's employees were certainly under no legal obligation to secure or demand employment or credit card information. Moreover, there is no evidence that any employee knew, or should have known, that the answers provided were

false. In any event, even if someone had suspected that some of his answers were inaccurate or even false, that employee still could not have forced the man to verify his oral responses by providing supporting documentation.

In an attempt to pigeonhole the necessary element of duty into this case, plaintiff places herself in the position of one to whom a duty, although not originally owed, was ultimately owed by virtue of voluntary affirmative actions of defendant's employees, citing *Parvi v City of Kingston* (41 NY2d 553) and *Walsh v Town of Cheektowaga* (237 AD2d 947, *lv dismissed* 90 NY2d 889). Each of these cases* is premised on the rule embodied in the Restatement (Second) of Torts § 324, commonly referred to as the "good samaritan" rule, which provides as follows:

"One who, being under no duty to do so, takes charge of another *who is helpless adequately to aid or protect himself* is subject to liability to the other for any *bodily* harm caused to him by

"(a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or

"(b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him (emphasis supplied)."

Fundamentally, a "particular feature [of this section] is that the plaintiff is in a helpless position" (Restatement [Second] of Torts § 324, comment *a*) and "incapable of taking adequate care of [herself]" (Restatement [Second] of Torts § 324, comment *b*), elements sorely lacking following plaintiff's relatively minor mishap on the dance floor (*cf.*, footnote, *supra*). Plaintiff's injuries were not life threatening or even severe. She did not require immediate medical attention and was physically capable of requesting personal information from the man herself and *did* so that evening, albeit unsuccessfully. Furthermore, it is of no small moment that the Restatement defines the harm for which an actor may be liable as *physical* harm and not the harm alleged by plaintiff, specifically deprivation of information which would assist her in pursuing litigation against another. Suffice it to say, plaintiff's reliance on these cases and

---

* The plaintiff in *Parvi v City of Kingston* (*supra*) was severely injured after being struck by a car, having been abandoned by police in an intoxicated condition 350 feet from a busy State highway. The plaintiff's daughter in *Walsh v Town of Cheektowaga* (*supra*) died after being struck by a train, having been permitted by police to walk away from the scene of a traffic stop in an intoxicated condition.

the rule of law espoused in them in her quest to impose liability against defendant can charitably be characterized as misplaced.

Mercure, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.