■ FRANK MALDONADO, JR., Respondent, v COUNTY OF SUFFOLK, Appellant. [781 NYS2d 369]—

In an action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Catterson, J.), dated November 18, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On April 5, 1992, at approximately 12:00 A.M., the plaintiff's decedent, Chun Cha Maldonado, was a passenger in a vehicle operated by a nonparty, Oksu Manete, on Veterans Memorial Highway in Hauppauge. A Highway Patrol Officer employed by the defendant arrested Ms. Manete for operating the vehicle while under the influence of alcohol and placed her in the rear of his patrol car. The officer concluded that Ms. Maldonado, who had also been drinking, was likewise incapable of driving. He therefore placed her in the front passenger seat of the patrol car and drove her to a diner located at Veterans Memorial Highway and Route 347 where she could telephone her husband. He watched her enter the restaurant before departing in order to transport Ms. Manete to the police station. Ms. Maldonado subsequently left the diner and walked out onto Route 347 where she was struck by an oncoming motorist and fatally injured, at approximately 12:30 A.M.

The plaintiff commenced this action to recover damages for personal injuries and wrongful death, and after joinder of issue and the completion of disclosure, the defendant moved for sum-

mary judgment dismissing the complaint. The Supreme Court denied the motion, finding a triable issue of fact as to whether the police officer's actions proximately caused Ms. Maldonado's injury and death. We reverse.

The law is well settled that "[once] a police officer arrests an intoxicated driver, that officer has a duty to exercise the degree of care necessary under the circumstances to assure the safety of a person in that condition" (*Johnson v State of New York*, 253 AD2d 274, 277 [1999]; *see Thomas v State of New York*, 46 NY2d 1043, 1044 [1979]). Similarly, in assisting Ms. Maldonado, the Highway Patrol Officer was also obligated to act with due care (*see Parvi v City of Kingston*, 41 NY2d 553 [1977]).

Here, the Highway Patrol Officer removed Ms. Maldonado from a potentially dangerous situation and escorted her to a secure public place where the officer knew, from personal experience, there was a telephone she could use to call her husband. He then made certain that she entered the restaurant before driving Ms. Manete to the police station (*cf. Walsh v Town of Cheektowaga*, 237 AD2d 947 [1997], *lv denied* 90 NY2d 889 [1997]; *Parvi v City of Kingston, supra*). Ms. Maldonado later wandered onto Route 347 where, approximately a half hour after Ms. Manete's arrest, she was struck by a passing motorist. The Highway Patrol Officer "had no duty to detain her and watch over her until someone arrived to take her home" (*Selletti v Port Washington Police Dist.*, 215 AD2d 642, 643 [1995]).

Accordingly, under these circumstances, the officer's acts were not a proximate cause of the accident, and the Supreme Court erred in denying the defendant's motion for summary judgment. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.