■ Margaret Filiberto, Individually and as Parent and Guardian of Patrick Filiberto, an Infant, and as Administrator of the Estate of Thomas R. Filiberto, Deceased, Respondent, v Herk's Tavern, Inc., et al., Appellants. [830 NYS2d 813]—

Kane, J. Appeal from a judgment of the Supreme Court (Best, J.), entered November 7, 2005 in Montgomery County, upon a decision of the court in favor of plaintiff.

Thomas R. Filiberto (hereinafter decedent) arrived at a bar owned by defendant Herk's Tavern, Inc. and consumed numerous alcoholic beverages, staying until closing time. Defendant Phillip R. Bracchi, the bartender who served decedent, was the sole owner, officer and employee of Herk's Tavern, as well as a personal friend of decedent. Decedent customarily went to Herk's Tavern after work on Thursday nights, stayed until closing, then went out to eat with Bracchi. On the night in question, Bracchi drove himself and decedent to an establishment operated by MJM Diner, Inc., where both ordered hot roast beef sandwiches. Decedent choked on his sandwich, resulting in his death.

Plaintiff commenced this action against Herk's Tavern, Bracchi and MJM Diner. This Court previously dismissed the claims against MJM Diner on summary judgment (259 AD2d 917 [1999]). The remaining parties agreed to sever the dram shop cause of action and proceeded to a nonjury trial on the negligence cause of action. Supreme Court found in plaintiff's favor, but reduced the award because the court found that decedent was 50% responsible. Bracchi and Herk's Tavern appeal.

The trial court must first determine as a matter of law whether a duty existed before a determination is made regarding whether the duty was breached (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534 [2006]; Tagle v Jakob, 97 NY2d 165, 168 [2001]). In assessing the scope of a defendant's duty, the court looks at whether the parties' relationship is such as to give rise to a reasonable duty of care, whether the injured person fell within the zone of foreseeable harm and whether the accident resulted from a reasonably foreseeable risk (see Di Ponzio v Riordan, 89 NY2d 578, 583 [1997]). As no duty existed here, Supreme Court should have found in favor of defendants.

While the parties deal with Bracchi and Herk's Tavern together, they are separate defendants. Their liability may be intertwined in the dram shop cause of action, but the negligence

cause of action was based on Bracchi's actions of driving decedent to a diner and ordering or permitting decedent to order a meal that required extensive chewing despite allegedly knowing that decedent was highly intoxicated. The record fails to establish that Bracchi was acting in a representative capacity on behalf of Herk's Tavern, as opposed to acting in his personal capacity as decedent's friend, after they left the tavern. Hence, Herk's Tavern had no duty to decedent and was entitled to dismissal of the negligence cause of action (*see Livelli v Teakettle Steak House*, 212 AD2d 513, 514 [1995]).

As for Bracchi, we disagree with Supreme Court's finding that he voluntarily assumed a duty by agreeing to drive the intoxicated decedent home. Even when no duty is originally owed, once a defendant voluntarily takes charge of one who is not able to adequately protect himself or herself, that defendant will be liable for harm caused by the failure to exercise reasonable care to secure the other person's safety while in the defendant's charge (*see Parvi v City of Kingston*, 41 NY2d 553, 559 [1977], citing Restatement [Second] of Torts § 324; *Poole v Susquehanna Motel Corp.*, 280 AD2d 764, 766 [2001]). Had Bracchi agreed to drive decedent home, Bracchi may have taken charge of decedent and voluntarily assumed a duty toward him. But there is no proof that Bracchi was going to drive decedent home. Instead, Bracchi testified without contradiction that, as was their custom, he offered to drive decedent to the diner, not because decedent was intoxicated but merely to avoid taking two vehicles, and planned to return decedent to his car in the tavern parking lot after the meal. Bracchi's offer to carpool to the diner did not amount to taking charge of decedent, thus it was not a voluntary undertaking of a duty of care toward him (*see Poole v Susquehanna Motel Corp., supra* at 766; *see also Castiglione v Village of Ellenville*, 291 AD2d 769, 770 [2002], *lv denied* 98 NY2d 604 [2002]). Without any duty owed to decedent, the negligence cause of action must fail.

Even if Bracchi had agreed to take decedent home, decedent choking on an unchewed piece of roast beef was not a reasonably foreseeable risk of stopping for a bite to eat. "Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (*Di Ponzio v Riordan, supra* at 583 [citation omitted]). Accepting decedent's extreme level of intoxication and the difficulty that such an intoxicated person would have in chewing and swallowing roast beef, as testified to by plaintiff's medical expert, there is absolutely no proof that such

difficulties would be apparent to anyone other than perhaps a medical professional. Because it was unforeseeable that decedent was in danger of choking by consuming a meal, Bracchi had no duty to protect him from the risk of this remote possibility (*see id.*).

This Court previously denied plaintiff's standing argument in a motion decision.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and negligence cause of action dismissed.