◼ DANIEL HILTS, Individually and as Parent of MISTY HILTS, an Infant, Respondent, v BOARD OF EDUCATION OF GLOVERSVILLE ENLARGED SCHOOL DISTRICT et al., Appellants. [857 NYS2d 291]—

Malone Jr., J. Appeal from an order of the Supreme Court (Sise, J.), entered February 21, 2007 in Fulton County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

On January 9, 2002, then 10-year-old Misty Hilts (hereinafter the child) slipped and fell on the playground at McNab Elementary School in the City of Gloversville, Fulton County allegedly due to slushy conditions. The child's mother, a teacher's aide at the school, and Carol Edwards, the school nurse, responded to the scene and assisted her to the nurse's office. Thereafter, the child's mother decided to take her daughter to the emergency room and both she and Edwards helped her walk outside to the parking lot. When they got outside, the child's mother went to get her car and Edwards stood with the child helping to support her weight. When the child's mother pulled the car around, Edwards allegedly released her and told her she could walk, causing the child to fall again and to sustain injuries to her right ankle. Plaintiff, the child's father, subsequently commenced this negligence action both individually and on behalf of the child against Edwards and defendant Board of Education of the Gloversville Enlarged School District. Following joinder of issue, defendants moved for summary judgment

dismissing the complaint and moved for an order compelling a second independent medical examination (hereinafter IME). Supreme Court denied both motions and this appeal ensued.

Initially, we note that plaintiff's negligence action is based upon the allegedly dangerous condition of the premises where the child first fell as well as Edwards' purported failure to support the child, which allegedly caused her to fall a second time. Given that plaintiff's negligence claim premised upon the alleged dangerous condition of the premises has been discontinued and an order to that effect rendered by Supreme Court, we need not address defendants' arguments with respect thereto.

Turning to the purported omissions of Edwards, the allegations of the complaint do not assert medical malpractice but rather sound in common-law negligence. To establish such a claim, "a plaintiff must demonstrate that the defendant breached a legal duty owed to him or her, and that the alleged negligence was a proximate cause of his or her injuries" (*Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482-483 [2004]). While defendants argue that Edwards did not owe a common-law duty to "hold up" the child, it is well settled that once a person voluntarily undertakes acts for which he or she has no legal obligation, that person must act with reasonable care or be subject to liability for negligent performance of the assumed acts (*see Castiglione v Village of Ellenville*, 291 AD2d 769, 770 [2002], *lv denied* 98 NY2d 604 [2002]). Here, undisputed testimony was presented that Edwards volunteered to assist the child exit the building and helped support her while waiting for her mother to get the car. Although contradictory testimony was presented as to whether Edwards prematurely released the child and caused her to fall a second time, this clearly raised a question of fact. Accordingly, Supreme Court properly denied defendants' motion for summary judgment.

Furthermore, we find no abuse of discretion in Supreme Court's denial of defendants' motion for an order compelling Hilts to submit to a second IME. "While there is no restriction in CPLR 3121 (a) on the number of examinations to which a party may be subjected, an additional examination is permissible only where the party seeking the examination demonstrates the necessity for it" (*Schissler v Brookdale Hosp. Ctr.*, 289 AD2d 469, 470 [2001] [citation omitted]). Inasmuch as defendants sought a second IME solely for the purpose of rebutting the opinion of plaintiff's expert, Supreme Court properly concluded that the requisite showing had not been made.

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.