# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1437**
**CA 12-00640**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

MARGARET A. SEEGER, PLAINTIFF-APPELLANT,

                       V                        MEMORANDUM AND ORDER

THE MARKETPLACE, ET AL., DEFENDANTS,
AND J.C. PENNEY COMPANY, INC.,
DEFENDANT-RESPONDENT.

---

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (JON E. BONAVILLA
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

FELDMAN KIEFFER, LLP, BUFFALO (CHRISTOPHER E. WILKINS OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (John J. Ark, J.), entered December 9, 2011. The
order and judgment granted the motion of defendant J.C. Penney
Company, Inc. for summary judgment dismissing the complaint against
it.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs, the motion of
defendant J.C. Penney Company, Inc. is denied and the complaint
against it is reinstated.

Memorandum: Plaintiff was shopping at a store operated by J.C.
Penney Company, Inc. (defendant) just before its closing on December
24, 2004 when she began to feel faint and ultimately collapsed to the
floor. She was placed in a wheelchair and escorted to her car, which
was located in a parking lot of the mall where the store was located.
Eventually, she attempted to drive away from the parking lot and
subsequently crashed into the side of the mall. She thereafter
commenced this action against several entities, including the mall and
its owners and managers as well as defendant. Supreme Court granted
defendant's motion for summary judgment dismissing the complaint
against it on the ground that plaintiff's act of starting and
operating her vehicle was the supervening cause of her injuries. The
court further concluded that plaintiff had failed to establish any
negligence on defendant's part. We reverse.

As a general matter, "one does not owe a duty to come to the aid
of a person in peril, whether the peril is medical or otherwise"
(*Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 92 AD3d 148,
159). However, "one who assumes a duty to act . . . may thereby

become subject to the duty of acting carefully" (*id.* [internal quotation marks omitted]; *see Filiberto v Herk's Tavern, Inc.*, 37 AD3d 1007, 1009, *lv denied* 8 NY3d 815). Where a party voluntarily assumes a duty to act, the party may not place the person to whom the duty is owed "in a position of peril equal to that from which [the person] was rescued," nor may the party change the person's "position for the worse by unreasonably putting the person back into the same peril, or into a new one" (*Parvi v City of Kingston*, 41 NY2d 553, 559-560; *see Gauthier v Super Hair*, 306 AD2d 850, 851-852).

Here, defendant failed to meet its burden of establishing its entitlement to judgment as a matter of law. The evidence demonstrates that an employee of defendant opted to render assistance to plaintiff by voluntarily obtaining the wheelchair by which the employee then transported plaintiff to her car in the parking lot. Thus, by intervening when she appeared to be in ill health, defendant's employee voluntarily assumed a duty to plaintiff as a matter of law and, as a result, defendant became obligated to act with due care in her regard based upon the doctrine of respondeat superior (*see Maldonado v County of Suffolk*, 10 AD3d 387, 388). Whether plaintiff's subsequent actions were reasonable and whether they were the proximate cause of her injuries should be resolved by the finder of fact, not on a motion for summary judgment (*see Parvi*, 41 NY2d at 560).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court