Barna v Belmont Mgt. Co., Inc. (2022 NY Slip Op 06842)

Barna v Belmont Mgt. Co., Inc.

2022 NY Slip Op 06842

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

532675
[*1]Paul Barna, as Administrator of the Estate of Jeannine Pelletier, Deceased, Respondent,
v
Belmont Management Co., Inc., et al., Appellants.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Rupp Baase Pfalzgraf Cunningham LLC, Saratoga Springs (Phillip A. Oswald of counsel), for appellants.
E. Stewart Jones Hacker Murphy, LLP, Troy (David I. Iversen of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Ann C. Crowell, J.), entered December 30, 2020 in Saratoga County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.
Jeannine Pelletier (hereinafter plaintiff)[FN1] was injured when she fell down a darkened stairwell in her senior apartment complex during a power outage and broke both of her arms. Thereafter, plaintiff commenced the instant action for negligence against defendants, who own and operate the apartment complex. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed and cross-moved to amend the complaint to add a claim for punitive damages. Supreme Court denied defendants' motion and plaintiff's cross motion, and defendants appeal.
Defendants contend that they did not owe plaintiff a duty of care. We disagree. It is true that defendants owed no common law duty to provide lighting in the stairwell during a power outage (see Palionis v Jakobson Props., LLC, 157 AD3d 592, 592 [1st Dept 2018]; Viera v Riverbay Corp., 44 AD3d 577, 579 [1st Dept 2007]; Solan v Great Neck Union Free School Dist., 43 AD3d 1035, 1036 [2d Dept 2007]). However, "it is well settled that once a person voluntarily undertakes acts for which he or she has no legal obligation, that person must act with reasonable care or be subject to liability for negligent performance of the assumed acts" (Hilts v Board of Educ. of Gloversville Enlarged School Dist., 50 AD3d 1419, 1420 [3d Dept 2008]; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 522 [1980]). Here, the uncontroverted evidence demonstrated that defendants installed battery-powered auxiliary lights in the stairwell, designed to illuminate the stairs during the first 90 minutes of a power outage. In the event of an outage exceeding 90 minutes, defendants also placed battery-operated touch lights on the walls of the stairwell and hung a flashlight from the railing. Defendants took these actions in order to assist people traversing the stairs during an outage and advised the building's tenants about this emergency lighting. Thus, under these circumstances, we conclude that defendants assumed a duty of reasonable care as a matter of law by installing the supplemental lighting system in the stairwell (see Seeger v Marketplace, 101 AD3d 1691, 1692 [4th Dept 2012]).
Nevertheless, there are issues of fact as to whether defendants exercised this duty reasonably. "Under the assumed duty theory, 'the question is whether defendants' conduct placed plaintiff in a more vulnerable position than [she] would have been in had defendants done nothing'" (Giglio v Saratoga Care, Inc., 117 AD3d 1143, 1144 [3d Dept 2014] [brackets omitted], quoting Heard v City of New York, 82 NY2d 66, 72 [1993]; see Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768-769 [2d Dept 2012]; see also Hilts v Board of Educ. of Gloversville Enlarged School Dist., 50 AD3d at 1420). With that in mind, a tenant [*2]in the building testified that, during a prior power outage, the auxiliary lights in the stairwell in question were out and although one touch light was on at the bottom of the stairs, it emitted very little light, leaving the top of the stairs in darkness. Another tenant testified that, earlier during the power outage that is the subject of this case, she entered the same stairwell and pushed two touch lights, one at the top of the stairs and one at the bottom, but found that neither was working. Further, it was plaintiff's testimony that, upon entering the stairwell approximately three hours after the outage began, the door closed behind her and she found herself in total darkness. Believing there to be a touch light on the wall, plaintiff reached around in the dark for it and ultimately fell and injured herself. The foregoing proof raises factual issues as to whether the lighting system was reasonably and safely installed, and properly functioning, at the time of plaintiff's accident. Accordingly, Supreme Court properly denied defendants' summary judgment motion.
Defendants' remaining contentions, to the extent not specifically addressed herein, have been considered and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: During the pendency of this appeal, plaintiff died of causes unrelated to this case, and the administrator appointed to represent her estate was substituted in this action on her behalf.