■ MILAGROS NUESI, Respondent, v CITY OF NEW YORK et al., Defendants, and ESTATE OF BENJAMIN CARO, Deceased, ROBERT A. CARO, Executor, et al., Appellants. [613 NYS2d 175] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 22, 1993, which denied defendant Hilmark Realty's motion for summary judgment, unanimously re-

versed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the complaint as against them.

In this sidewalk slip-and-fall case, plaintiff brought her action against the City of New York and the owner of the abutting property, a partnership doing business as Hilmark Realty Co.

As an abutting landowner, Hilmark was not responsible for maintaining the adjacent sidewalk, absent some statute, ordinance or charter provision imposing such an obligation *(Friedman v Gearrity,* 33 AD2d 1044). Thus, unless Hilmark created a defective condition or used the sidewalk for a special purpose *(see, D'Ambrosio v City of New York,* 55 NY2d 454), no liability for the defect alleged in the complaint can arise *(Tortora v Pearl Foods,* 200 AD2d 471).

Although plaintiff has offered photographs taken *after* her accident which might suggest the making of a repair, she has testified in her deposition that these pictures do not reflect the state of the sidewalk when she actually fell. Against cogent proof that neither the City nor Hilmark made any pre-accident repairs, she offers nothing but speculation to sustain her cause of action against Hilmark.

Confronted with Hilmark's proofs (including plaintiff's own self-defeating deposition), plaintiff bore the burden of raising a triable issue in order to defeat this defendant's motion for summary judgment. In view of her failure to do so, the court erred in denying the motion. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.