■ JOAN OTERO, Respondent, v CITY OF NEW YORK, Defendant, and JEROME BLOOM, Appellant. [624 NYS2d 157] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about February 3, 1994, which denied defendant's motion for summary judgment, unanimously reversed, on the law, the motion granted, and the complaint against defendant Bloom dismissed, without costs. Order, same court and Justice, entered on or about May 12, 1994, which denied defendant's motion for renewal and reargument, is deemed a denial of a motion for reargument only and appeal dismissed as taken from a non-appealable order, without costs.

The Supreme Court erred in denying the defendant's motion for summary judgment since the plaintiff failed to establish the existence of any triable issue of fact *(Zuckerman v City of New York,* 49 NY2d 557). It is well settled that the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the

landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose *(see, D'Ambrosio v City of New York,* 55 NY2d 454; *Roark v Hunting,* 24 NY2d 470; *Nevins v Great Atl. & Pac. Tea Co.,* 164 AD2d 807). Here the defendant cannot be held liable for the defect alleged in the complaint, because there is nothing in the record to suggest that he created the defective condition by filling in the center of the tree well with blacktop or cobblestones, by constructing, repairing or replacing any portion of the tree well, or by using the area for a purpose different from the general populace such to impute liability based upon a theory of "special use" *(Tortora v Pearl Foods,* 200 AD2d 471, 472; *Nuesi v City of New York,* 205 AD2d 370). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.