■ CONSOLIDATED RAIL CORPORATION, Appellant, v WESTBETH CORP. HOUSING DEVELOPMENT FUND COMPANY, INC., Respondent. In the Matter of ROCKROSE CONSTRUCTION (KELLY) CORP., Appellant, v WESTBETH CORP. HOUSING DEVELOPMENT FUND COMPANY, INC., Respondent. [678 NYS2d 251] —Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered January 29, 1998, affirmed for the reasons stated by Parness, J., with costs and disbursements. No opinion. Concur—Sullivan, J. P., Rosenberger, Ellerin, Nardelli and Andrias, JJ.

(June 9, 1998)

■ FRANCISCO AMADO, Respondent, v LAWRENCE FRIEDLAND et al., Appellants, et al., Defendant. [674 NYS2d 31] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered December 17, 1997, denying defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff's alleged injuries resulted from a slip and fall in a pothole on a public sidewalk abutting the Friedland defendants' property. Defendants' property manager established that defendants were not responsible for sidewalk maintenance or repair, which was the responsibility of tenants. Since the abutting owner as a matter of law does not owe a general duty to the public to maintain the sidewalk in a safe condition (*Nuesi v City of New York*, 205 AD2d 370), and these defendants did not cause the defect (*cf., Granville v City of New York*, 211 AD2d 195, 197) nor make special use of the sidewalk (*cf., supra*), there is no lawful basis to impose liability on them. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.