■ AZEEMA JAMEER, Appellant, v FINE FARE EXPRESS, INC., et al., Defendants, and MPA REVIVAL REALTY CORP. et al., Respondents. [719 NYS2d 36] —Order, Supreme Court, New York County (Carol Huff, J.), entered October 21, 1999, which granted a motion and cross- motion by defendant MPA Revival Realty Corp. (hereinafter MPA) and defendant City of New York, respectively, for summary judgment to dismiss the complaint as against said defendants, unanimously modified, on the law, to deny MPA's motion for summary judgment, reinstate the complaint as against that defendant, and otherwise affirmed, without costs.

While a landowner has no duty to maintain the sidewalk abutting its property in a safe condition unless either the landowner or a lessee created the defective condition or used the sidewalk for a special purpose (*see, Otero v City of New York,* 213 AD2d 339), here, plaintiff proffered sufficient evidence to raise a triable issue of fact that defendant MPA created and/or contributed to the heavy debris condition existing on the vacant lot. Further, the IAS Court's conclusion that the debris-

obstructed sidewalk was a trivial defect which merely furnished the condition or occasion for the accident, is improper. There is insufficient evidence on this record upon which to conclude, as a matter of law, that the offending driver's actions were a superceding cause of plaintiff's injuries.

We agree with the IAS Court's conclusion that the defendant City of New York was entitled to summary judgment. Plaintiff did not submit proof that there was prior written notice of the particular condition at issue, i.e., a debris-obstructed sidewalk, as is required by Administrative Code of the City of New York § 7-201 (c) (2). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.