■ ROSEMARY JASINSKI, Plaintiff, v CITY OF NEW YORK et al., Defendants. 32ND STREET SOUTHEAST COMPANY, L.P., Third-

Party Plaintiff-Appellant, v THE FUTURE et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (And Another Third-Party Action.) [735 NYS2d 126] —Order, Supreme Court, New York County (Michael Stallman, J.), entered on or about October 10, 2000, which denied third-party plaintiff-appellant's cross motion for summary judgment against third-party defendants The Future and the Board of Managers of The Future; granted reverse summary judgment to The Future and its Board of Managers on the fifth cause of action of the amended third-party complaint; adjudged and declared that section 5.4 (B) (i) of the bylaws of The Future does not require The Future and/or its Board of Managers to procure liability insurance providing defense and indemnity to Southeast L.P. for all claims arising out of personal injuries occurring on the accident site; and granted summary judgment to The Future and its Board dismissing the first, third, and fourth causes of action of the amended third-party complaint, unanimously reversed, on the law, with costs, the cross motion for summary judgment against third-party defendants granted, and it is adjudged and declared that third-party defendants were required to procure liability insurance providing defense and indemnity to third-party plaintiff for claims arising out of personal injuries occurring on the subject sidewalk, and third-party defendants shall bear the cost of third-party plaintiff's defense in the underlying action.

The IAS court erred in its denial of appellant's cross motion for summary judgment and in its grant of reverse summary judgment to third-party defendants. The motion court erroneously concluded that the tree-well area of the sidewalk was not an appurtenance to the premises. Condominium bylaws section 5.4 (B) requires Future and the Board to maintain liability insurance for the benefit of 32nd Street and all other unit owners with respect to claims arising from accidents occurring on the property. The fact that the sidewalk is public property owned by the City of New York does not mandate that it was not within the area for which Future and the Board were required to procure liability insurance (*see, e.g., Ruggiero v Long Is. R.R.*, 161 AD2d 622; *Abreu v Supermarkets Gen. Corp.*, 150 AD2d 413). "Property" is defined in the bylaws as meaning "the Land, the Building, all other improvements erected or to be erected on the Land, all easements, rights and appurtenances pertaining thereto, and all other property, real, personal, or mixed, used or intended to be used in connection therewith." It is well settled that the term "appurtenant" in a lease agreement includes " 'everything "which is necessary and essential to the beneficial use and enjoyment of the thing leased

or granted" ' " (*Ruggiero v Long Is. R.R.*, 161 AD2d 622, 623, quoting *Greenblatt v Zimmerman*, 132 App Div 283, 285). The evidence in the record demonstrates that the sidewalk, of which the tree-well in question is part, is necessary and essential to the beneficial use of the commercial unit located in the premises. (*See, Ruggiero v Long Is. R.R., supra.*) Further, the IAS court recognized the tree-well as an "improvement," which is included in the bylaws definition of "property." We find the accident site was squarely within the area for which Future and the Board were obligated to maintain liability insurance and conclude that third-party defendants must bear the costs of 32nd Street's defense. Concur—Nardelli, J.P., Andrias, Saxe, Lerner and Marlow, JJ.