◼ MARY E. CASTIGLIONE et al., Respondents, v VILLAGE OF ELLENVILLE, Defendant, and LEROY T. BRIGHTON, Appellant. [738 NYS2d 443] —Mugglin, J. Appeal from an order of the Supreme Court (Bradley, J.), entered September 20, 2000 in Ulster County, which, inter alia, denied defendant Leroy T. Brighton's motion for summary judgment dismissing the complaint against him.

Plaintiff Mary Ellen Castiglione (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover damages for injuries allegedly sustained when she tripped over the exposed street side edge of a sidewalk in front of 27 Market Street in the Village of Ellenville, Ulster County, and fell against a concrete block wall on the opposite side of the sidewalk, fracturing her shoulder. Defendant Leroy T. Brighton (hereinafter defendant) and another are the owners of the property located at 27 Market Street.[1] Upon completion of discovery, defendant moved for summary judgment seeking dismissal of the complaint against him. Supreme Court denied the motion and defendant now appeals.

It is apparent from the record that the sidewalk in question is separated from the curb line of Market Street by a narrow grass strip (hereinafter the median). Plaintiffs advanced two theories of negligence against defendant, one predicated on his alleged ownership of the median, and the second predicated upon his negligent performance of an assumed duty. Supreme Court described defendant as the owner of the median and determined that questions of fact existed with respect to the negligent performance of an assumed duty claim, which prevented granting him summary judgment.

With respect to the first issue, it is irrelevant whether

---

1. Plaintiffs' claim against defendant Village of Ellenville has been settled.

defendant's deed description[2] actually encompasses the sidewalk and the median. Plaintiffs do not assert that any of the exceptions to the general rule are applicable in this case (*see, Stewart v Town of Waterford*, 152 AD2d 837, 838). Hence, the general rule applies "that a sidewalk is part of the public street or highway * * * and that the duty of maintaining the sidewalks in a safe condition belongs to the municipality" (*Farnsworth v Village of Potsdam*, 228 AD2d 79, 82 [citation omitted]).

Moreover, both by statute and case law, a grass strip between the sidewalk and the pavement of the road is part of the sidewalk (*see,* Vehicle and Traffic Law § 144; *Hall v City of Syracuse*, 275 AD2d 1022; *Gallo v Town of Hempstead*, 124 AD2d 700). Therefore, because defendant does not own nor is he legally responsible for the sidewalk and median, theories of liability imposing a duty on an owner to maintain the premises in a reasonably safe condition (*see, e.g., Scurti v City of New York*, 40 NY2d 433, 437) are unavailable to these plaintiffs against this defendant.

Turning to plaintiffs' second theory of liability, we find no genuine dispute as to the facts and, thus, the question regarding defendant's duty to plaintiffs under this theory may be resolved as one of law (*see, Piccirillo v Beltrone-Turner*, 284 AD2d 854, 855; *Vogel v West Mtn. Corp.*, 97 AD2d 46, 48). People who undertake acts which they have no legal obligation to do still have a duty to act carefully, and if they do not, they may be subject to liability for negligently performing the assumed acts (*see, Florence v Goldberg*, 44 NY2d 189; *Parvi v City of Kingston*, 41 NY2d 553). This liability only arises when "the defendant's affirmative action adversely affected the plaintiff and the defendant failed to act reasonably" (*Gordon v Muchnick*, 180 AD2d 715, 715; *see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 521-522). Thus, a duty arises from the voluntary performance of an act only if the defendant's conduct can be shown to have placed the plaintiff in a more vulnerable position than the plaintiff would have been had the defendant refrained from undertaking the act (*see, Heard v City of New York*, 82 NY2d 66, 72). Here, the only act which defendant undertook with respect to the median was to periodically mow the grass. Plaintiffs' theory is that defendant negligently mowed the grass so as to conceal the presence of the exposed

---

2. The survey description establishes the boundary between defendant's property and the streets on which it abuts as the face of the concrete block wall that plaintiff fell against (*cf., Farnsworth v Village of Potsdam*, 228 AD2d 79, 83 [the defendant's lot line was actually the middle of the street]).

edge of the sidewalk. Obviously, the mowing of the grass did not conceal the defective condition more than failing to mow the grass would have. Consequently, it cannot be said that defendant's voluntary action increased the risk to plaintiff.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Leroy T. Brighton's motion; motion granted, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.