■ ELLEN LoCURTO, Appellant, v CITY OF NEW YORK, Respondent. [770 NYS2d 25]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 17, 2002, which, in an action for personal injuries sustained when plaintiff, after putting money in a parking meter, tripped and fell traversing a strip of grass and dirt between the curb and the paved sidewalk, granted defendant City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We are in accord with the other Departments that a grassy area between a curb and a paved sidewalk is part of the sidewalk, as defined in Vehicle and Traffic Law § 144 (see Zizzo v City of New York, 176 AD2d 722 [2d Dept 1991]; Castiglione v Village of Ellenville, 291 AD2d 769, 770 [3d Dept 2002], lv denied 98 NY2d 604 [2002]; Hall v City of Syracuse, 275 AD2d 1022 [4th Dept 2000]). Accordingly, the City's Pothole Law (Administrative Code of City of NY § 7-201) applies (see Zizzo, id.), requiring a showing that the City had prior written notice of the alleged hole in the ground, or created the hole through an

affirmative act of negligence, or made a special use of the grassy area that conferred a benefit (*see Torres v City of New York*, 306 AD2d 191, 194 [2003]). Admittedly, the City did not have prior written notice, and we reject plaintiff's expert's conclusory opinion that the siting of the meters was an affirmative act of negligence that caused heavy traffic on the grassy strip and thus the dangerous condition that caused plaintiff's fall (*cf. Zizzo, supra*). Certainly, the grassy strip may have been traversed by pedestrians for reasons completely unrelated to the meters. Moreover, even if it were assumed that the installation of parking meters adjacent to a grassy area is a departure from some accepted standard of safety, such an assumption would not permit a reasonably reliable inference that the hole that caused plaintiff's fall was a consequence of such a departure rather than normal deterioration over time (*see Cardona v City of New York*, 305 AD2d 303 [2003]). Nor does it avail plaintiff to argue that the parking meters constitute a special use of the grassy area that confer a benefit on the City, where she does not show that the hole on which she tripped emanated from a parking meter. To hold otherwise would be to make actionable any defect in any sidewalk along which parking meters are placed. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.