ILENE WEISKOPF et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [773 NYS2d 389]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered August 19, 2003, which granted the motion for summary judgment by New York City Transit Authority (NYCTA) and dismissed the complaint against it, unanimously reversed, on the law, without costs, the motion denied and the complaint against NYCTA reinstated.

Plaintiff Ilene Weiskopf allegedly sustained personal injuries when she tripped and fell upon a defective portion of a public sidewalk adjacent to an entry railing of an NYCTA subway station located at the corner of Prince Street and Broadway in New York County. At a subsequent hearing conducted pursuant to General Municipal Law § 50-h, plaintiff testified that her foot became caught in "a huge crack in the sidewalk" causing her to grab onto the "railing by the train station." The record includes a photograph of the subject sidewalk which reveals the broken area originated at the edge of a metal subway entry railing structure and extended into the area where plaintiff allegedly fell.

NYCTA and the Metropolitan Transportation Authority (MTA) moved for summary judgment, contending that each owed no duty to plaintiff since the alleged accident occurred on a public sidewalk owned and maintained by defendant City of New York (City). Although the motion by MTA was unopposed, plaintiff and the City opposed NYCTA's motion. Plaintiff offered an affidavit from a construction expert who opined, inter alia, that the subject defect was the result of the manner in which the metal subway entry substructure was embedded into the subject sidewalk. In granting MTA's motion, but denying NYCTA's motion, the IAS court found that plaintiff raised an issue of fact as to whether NYCTA created the defective condition. NYCTA subsequently moved for leave to renew based upon

its expert's affidavit in which it was stated that NYCTA did not install the railing substructure or create the subject sidewalk defect. Upon a finding that NYCTA set forth a sufficient justification for failing to submit its expert's affidavit on the initial motion papers, the IAS court granted NYCTA's renewal motion and granted summary judgment to NYCTA.

It is well settled that the duty to keep public sidewalks in reasonably safe condition and to repair any defects falls upon the municipality (*D'Ambrosio v City of New York*, 55 NY2d 454 [1982]; *Nuesi v City of New York*, 205 AD2d 370 [1994]). An exception to this general rule exists, however, where an owner of land which abuts a public sidewalk created the defect or uses the sidewalk for a special purpose (*D'Ambrosio v City of New York, supra* at 462; *Ausderan v City of New York*, 219 AD2d 562 [1995]; *Granville v City of New York*, 211 AD2d 195, 196 [1995]). A special use has been characterized as involving "the installation of some object in the sidewalk or street or some variance in the construction thereof" (*Granville v City of New York, supra* at 197 [internal quotation marks and emphasis omitted]).

In the instant matter, we find that the installation of the subway entrance substructure constituted a special use by NYCTA. Since the duty to maintain the area of the special use in a reasonably safe condition runs with the land as long it is maintained for the benefit of a special user, we find unavailing NYCTA's contention that it did not construct or alter the offending metal substructure (*Granville v City of New York, supra*; *Nickelsburg v City of New York*, 263 App Div 625 [1942]). Furthermore, the affidavit of plaintiff's expert raises issues of fact as to whether NYCTA's special use of the subject sidewalk was a substantial cause of the defect that allegedly caused plaintiff's fall (*see Matias v City of New York*, 292 AD2d 311 [2002]). Accordingly, the IAS court erred in granting NYCTA summary relief.

We have considered the remaining contentions of NYCTA and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.