Hendryx v City of New York (2004 NY Slip Op 24088)

Hendryx v City of New York

2004 NY Slip Op 24088 [3 Misc 3d 512]

March 24, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 9, 2004

[*1]
Nona Hendryx, Plaintiff,
v
City of New York et al., Defendants.
Supreme Court, New York County, March 24, 2004

APPEARANCES OF COUNSEL

Hoey, King, Toker & Epstein, New York City, for 34th Street Partnership, Inc., defendant. McMahon, Martine & Gallagher, New York City, for Nico Asphalt, Inc., defendant. Richard W. Babinecz, New York City, for Consolidated Edison Company of New York, Inc., defendant. Michael A. Cardozo, Corporation Counsel, for City of New York, defendant. Sullivan, Papain, Block, McGrath & Cannavo, P.C., New York City, for plaintiff.

{**3 Misc 3d at 513} OPINION OF THE COURT

Michael D. Stallman, J.
Defendant 34th Street Partnership, Inc. moves for summary judgment. At issue is whether a business improvement district (BID) assumes any common-law duties in tort and, if so, the scope of that duty.
In this personal injury action, plaintiff seeks damages for personal injuries allegedly sustained when she tripped and fell in the roadbed of Eighth Avenue near the curb of the east sidewalk, in front of Penn Station. At her deposition, plaintiff testified that she had been waiting on a taxi dispatch line operated by defendant 34th Street Partnership, Inc., a business improvement district corporation, a nonprofit entity formed to enhance the area from Park Avenue to Tenth Avenue, from 30th Street to 36th Street. Plaintiff further testified that the dispatcher directed her to a taxi and that, as she stepped off the curb, she stepped onto a "hump" of asphalt in the roadway and lost her balance. The BID contends that it is not liable as a matter of law because it did not cause or create the street condition that allegedly caused plaintiff's accident and because it did not have a duty to maintain or repair the public roadway.
It appears undisputed that the BID organized and operated a taxi dispatch area and that its employees routinely set up stanchions with connecting chains or ropes to designate the taxi dispatch area, and control and direct the flow of pedestrian traffic. Plaintiff asserts that because the BID designated the taxi dispatch location and its dispatcher directed the taxis to pick up passengers such as plaintiff, in specific locations, it assumed control of the area and responsibility to maintain it.
Establishing and controlling the taxi dispatch line does not mean that the BID assumed a duty to maintain or repair the public sidewalk or roadway. Absent an express contractual assumption by the BID, the City was responsible for street repairs and maintenance. The BID did not physically alter the street or sidewalk surface or install fixtures so as to constitute a special use. The apparently movable stanchions did not constitute a special use. (See Weiskopf v City of New York, 5 AD3d 202 [1st Dept 2004].){**3 Misc 3d at 514}
Nevertheless, despite its nonprofit status and public service intent, the BID took upon itself a proprietary function no different from a hotel, airport, taxi company or for-profit tourist service provider that manages such a taxi line. Assumption of a proprietary function triggers a duty of care [*2]in tort to intended, foreseeable users of the service. (See e.g., Kahane v Marriott Hotel Corp., 249 AD2d 164 [1998].)
It is not relevant to this issue that the BID is organized as a nonprofit entity and benefits members of the public by performing services free of charge. What distinguishes a not-for-profit entity is not whether it receives money for its services, but what it does with money it receives. Not-For-Profit Corporation Law § 102 (a) (5) defines a not-for-profit corporation as one organized "exclusively for a purpose or purposes, not for pecuniary profit or financial gain," and "no part of the assets, income or profit of which is distributable to, or enures to the benefit of, its members, directors or officers except to the extent permitted under this statute." (See American Baptist Churches of Metro. N.Y. v Galloway, 271 AD2d 92, 98 [2000].)
Having chosen to establish and operate a taxi dispatch area, the BID undertook a duty to operate the service and direct pedestrian access in a reasonably safe manner, including avoiding or warning about any hazards of which it had actual or constructive notice. Whether it did so under the circumstances presented is a factual question that must be resolved at trial.
Defendant 34th Street Partnership, Inc. has not demonstrated entitlement to judgment as a matter of law. Accordingly, its motion is denied.