Francisca Acosta, Respondent, v City of New York, Defendant, and ORCAA Realty Corporation, Appellant. [808 NYS2d 29]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about January 10, 2005, denying defendant ORCAA Realty Corporation's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant ORCAA Realty Corporation dismissing the complaint as against it.

On March 16, 2000, at about 5:00 P.M., the 57-year-old plaintiff fell on the sidewalk in front of premises known as 1750 Westchester Avenue in the Bronx, a combined residential and commercial property and adjacent lot owned by defendant ORCAA, thereby sustaining a fracture of the wrist. Plaintiff thereafter commenced this action against ORCAA and the City of New York. A rectangular area filled with soil in which a tree stood separated the curb from the sidewalk in the area where plaintiff fell. At her deposition, plaintiff testified that she fell as a result of the 2½-inch differential between the edge of the cement sidewalk and the area containing the soil and tree, the soil being lower than the sidewalk.

As the evidence shows, the City issued a violation notice for a "trip hazard" on April 15, 1999, directing ORCAA to repair the entire sidewalk in front of 1750 Westchester Avenue from Rosedale to Commonwealth Avenues. After receiving the violation, ORCAA obtained repair permits from the City and hired an independent contractor to perform the work at a cost of approximately $2,600. The City inspected the sidewalk after the work was finished and, on October 16, 1999, its Department of Transportation (DOT) issued a "Sidewalk Release Letter" to ORCAA's principal, stating, in relevant part: "An inspection of the above premises [1750 Westchester Avenue a/k/a Near 1750 Westchester Avenue Block: 3761 Lot: 36] has been made and our findings are: The repairs are satisfactory. Therefore, the violation was canceled and the County Clerk release was sent." Photographs in the record show the sidewalk slabs to be in

proper condition. When asked at her deposition why ORCAA did not cover the dirt area with cement, ORCAA's president responded, "Because it always was like that since I bought the property. It was like that, the sidewalk, and I didn't change it."

ORCAA moved for summary judgment dismissing the complaint against it, arguing that it had not negligently repaired or maintained the sidewalk where plaintiff fell, pointing out that the sidewalk and the dirt area are city property and that the replacement of the sidewalk, made before plaintiff's accident, was approved by the City's DOT. Plaintiff responded by arguing that there was a question of fact as to whether ORCAA, by its repair, caused and created a defective condition. As plaintiff expressed it, she "was caused to trip and fall due to an unlevel graded/backfilled soil surrounding the recently repaired sidewalk." Specifically, plaintiff complained of a three-inch height differential that existed from the time the repairs were completed on or about July 14, 1999 to the date of the accident. The City opposed the motion, arguing the existence of a fact issue as to whether the sidewalk replacement by ORCAA or its contractor created the condition that caused the fall. Supreme Court denied the motion, finding issues of fact as to whether ORCAA's repair of the sidewalk caused or contributed to plaintiff's fall. Inasmuch as there is no issue of fact whatsoever on that subject and, in the circumstances, ORCAA had no obligation to maintain the sidewalk or dirt area, we reverse.

A landowner has no duty to the public to maintain the sidewalk abutting its premises in a safe condition (*Amado v Friedland*, 251 AD2d 57 [1998]) and cannot be held liable for the condition of the sidewalk unless it creates a defective condition or uses the sidewalk for a special purpose (*Jameer v Fine Fare Express*, 279 AD2d 256 [2001]). Here, plaintiff has failed to show, sufficient to create a triable issue of fact, that ORCAA caused any defect. Notably, she does not claim to have fallen as a result of a defect in the sidewalk slab installed in July 1999. As noted, photographs show the slab to be in proper condition. The sole defect claimed is the height differential between the soil in the tree planting area and the sidewalk. There is no evidence to suggest that this differential was caused by ORCAA's sidewalk repair. After inspecting the sidewalk, the City issued a "Sidewalk Release Letter" cancelling the violation. Nor did ORCAA have any responsibility for failing to eliminate the height differential that existed before the sidewalk repair. The soil area is part of the sidewalk, which the City has the duty to maintain (*see LoCurto v City of New York*, 2 AD3d 277 [2003]). Absent a duty to maintain the sidewalk in a safe condition,

ORCAA had no obligation to ensure that the soil area was level with the concrete slab. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.