OPINION OF THE COURT
Allen Hurkin-Torres, J.
Section 7-210 of the Administrative Code of the City of New York, which became effective on September 14, 2003, shifted liability for accidents occurring on New York City sidewalks to the owners of the property abutting the sidewalk. The question presented here is whether a private property owner is responsible for an accident occurring in a tree well located on the sidewalk. While no appellate court has ruled on the issue,[1] and one trial level court in an unreported decision has found that liability remains with the City of New York,[2] for the reasons that follow I conclude that, subject to certain limitations, the abutting property owner is charged with responsibility for accidents occurring in a tree well.
In this action, plaintiff alleges that he was injured on September 27, 2004 when he tripped and fell over a gap in a tree well located on a public sidewalk. The area immediately surrounding the tree was lined with concrete blocks, although one of the blocks was missing where plaintiff fell. It is undisputed that the tree well and sidewalk are located in front of a commercial building owned by defendant Consolidated Edison (Con Ed).
The City, in moving for summary judgment dismissing the claim against it, asserts that it may not be held liable for the accident in light of Administrative Code § 7-210, which became effective on September 14, 2003. This section provides in relevant part that “[i]t shall be the duty of the owner of real property abutting any sidewalk ... to maintain such sidewalk in a reasonably safe condition” (Administrative Code § 7-210 [a]). The Code further provides that “the city shall not be liable for any injury . . . proximately caused by the failure to maintain sidewalks . . . in a reasonably safe condition” and shifts such liability to the abutting landowner (Administrative Code § 7-210 [b]).
*250 Here, it is uncontroverted that plaintiffs accident occurred after the effective date of the Code, and that the abutting property does not fall within any of the Code’s exemptions.[3] Nevertheless, in seeking to shift liability to the City, it is contended that section 7-210 does not absolve the City from liability. In this regard, it is claimed, among other things, that the responsibility for maintaining trees and, by extension, the tree well, remains under the exclusive jurisdiction of the City. I disagree.
In sorting out the liability as between the City and Con Ed, any discussion of the issue must begin with an examination of the definition of sidewalk.[4] Initially it should be observed that section 7-210 does not itself provide a definition of sidewalk. However, title 19 of the Administrative Code, which also addresses sidewalk maintenance, defines sidewalk as “that portion of the street between the curb lines . . . and the adjacent property lines, but not including the curb, intended for the use of pedestrians” (Administrative Code § 19-101 [d]).[5] This definition parallels that of the Vehicle and Traffic Law, which defines sidewalk as “[t]hat portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians” (Vehicle and Traffic Law § 144).
While the tree well at issue here is undoubtedly located between the curb and the adjacent property line, this does not end the inquiry since both definitional sections contain the phrase “intended for the use of pedestrians.” While it can be plausibly argued that the tree well is not “intended for the use of pedestrians” and therefore not part of the sidewalk as it is *251 defined, examination of case law predating the amendment of the Administrative Code indicates otherwise.
Thus, in Acosta v City of New York (24 AD3d 291, 292 [2005]), the plaintiff alleged that she fell in a tree well because it was not level with the surrounding sidewalk. The surrounding sidewalk had been replaced by the abutting property owner before the plaintiffs accident. In dismissing the action against the property owner, the court held, inter alia, that “[t]he soil area [in a tree well] is part of the sidewalk, which the City has the duty to maintain.” As the accident predated the amendment to the Administrative Code, and the property owner did not create the defective condition (i.e., by failing to have sufficient soil in the tree well), only the City could be held responsible.
While the issue in Acosta did not directly involve a dispute concerning the statutory definition of sidewalk, the court did rely upon LoCurto v City of New York (2 AD3d 277 [2003]) in support of its conclusion. In LoCurto, the Court specifically pointed to the definition of sidewalk set forth in Vehicle and Traffic Law § 144 and held that a grassy area between the curb and the paved portion of a sidewalk is part of the sidewalk under that definition (see also Malone v Town of Southold, 303 AD2d 651, 652 [2003]; Castiglione v Village of Ellenville, 291 AD2d 769, 770 [2002], lv denied 98 NY2d 604 [2002]; Hall v City of Syracuse, 275 AD2d 1022, 1023 [2000]; Zizzo v City of New York, 176 AD2d 722 [1991]; Gallo v Town of Hempstead, 124 AD2d 700 [1986]). This being so, it dismissed the action against the City since plaintiff did not have prior written notice of the defect as required by Administrative Code § 7-201.
Similarly, other courts that have addressed issues concerning accidents in tree wells have proceeded under the apparent assumption that tree wells are part of the sidewalk (see Fuhrmann v City of Binghamton, 31 AD3d 1036 [2006]; Loforese v Cadillac Fairview Shopping Ctrs., U.S., 235 AD2d 399 [1997]; Otero v City of New York, 213 AD2d 339 [1995]; see also Jasinski v City of New York, 290 AD2d 237, 239 [2002]).[6] Viewed against this appellate backdrop, it becomes apparent that a tree *252 well falls within the definition of sidewalk for purposes of Administrative Code § 7-210.
One final observation is necessary concerning the statutory framework. None of the parties have alleged that the City affirmatively created the defect at issue, i.e., by removing the missing block in the tree well. Nor does this action involve an allegation that the City created a tripping hazard by removing the tree or by leaving a stump to remain. Had this been the crux of plaintiffs complaint a different result would obtain, namely, the City would be unable to shift liability to Con Ed since the accident would have been the result of its own affirmative negligence. Suffice it to say that no showing of affirmative negligence has been demonstrated.
Notwithstanding this, it is argued that liability cannot be shifted to Con Ed because the City is responsible for the cultivation of trees (see Administrative Code §§ 18-104, 18-105). It is undisputed here, however, that the defect is a missing concrete block. Such a condition is unrelated to the cultivation of the tree under sections 18-104 and 18-105. Viewed otherwise, the responsibility to maintain a tree and the responsibility to maintain the area surrounding a tree are unrelated obligations.[7]
Under these circumstances, and in light of the fact that plaintiff has not alleged that the missing block was caused or created by any action on the part of the City (see Santello v City of New York, 222 AD2d 665, 666 [1995]; King v County of Warren, 178 AD2d 816, 817 [1991], lv denied 79 NY2d 1027 [1992]; cf. Kiernan v Thompson, 73 NY2d 840 [1988]), the City has demonstrated, as a matter of law, the applicability of Administrative Code § 7-210 and, thus, that it may not be held liable for plaintiffs injury.

. Subsequent to the date of this decision, the Appellate Division, First Department, in a divided opinion, held that liability for accidents in tree wells remains with the City (Vucetovic v Epsom Downs, Inc., — AD3d —, 2007 NY Slip Op 06577 [2007]).

. Vucetovic v Epsom Downs, Inc. (2006 NY Slip Op 30210[U] [Sup Ct, NY County 2006]).

. The Code does not shift liability to the owners of one-, two-, or three-family residential real property that is, in whole or part, owner occupied, and used exclusively for residential purposes.

. Administrative Code § 7-201 provides some description of the terms “sidewalk” and street, but does not define the terms. In this respect, it provides that “The term ‘street’ shall include the curbstone, an avenue, underpass, road, alley, lane, boulevard, concourse, parkway, road or path within a park, park approach, driveway, thoroughfare, public way, public square, public place, and public parking area” (Administrative Code § 7-201 [c] [1] [a]) and that “The term ‘sidewalk’ shall include a boardwalk, underpass, pedestrian walk or path, step and stairway” (Administrative Code § 7-201 [c] [1] M).

. Administrative Code § 1-112 (13) states “ ‘Street.’ Any public street, avenue, road, alley, lane, highway, boulevard, concourse, parkway, driveway, culvert, sidewalk, crosswalk, boardwalk, viaduct, square or place, except marginal streets” (see also Administrative Code § 19-101 [c]).

. Of note, courts in other jurisdictions, at least those with similar statutory definitions of sidewalk, have deemed tree wells and the grassy strip between the sidewalk and curb as part of the sidewalk (see Brennan v City of Cambridge, 332 Mass 613, 127 NE2d 181 [1955]; Coffey v City of Carthage, 200 Mo 616, 98 SW 562 [1906]; Bedell v Saint Joseph’s Carpenter Socy., 367 NJ Super 515, 843 A2d 1169 [2004]; Gaskill v Active Envtl. Tech., Inc., 360 NJ Super 530, 823 A2d 878 [2003]).

. Even if the missing block was caused by the growth of the tree, this would not be deemed to be caused by the City for purposes of a cause/create theory of liability (see Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726 [2003]).