[841 NYS2d 301]

DZAFER VUCETOVIC et al., Appellants, v EPSOM DOWNS, INC., Respondent.

First Department, September 6, 2007

## APPEARANCES OF COUNSEL

*Alexander J. Wulwick*, New York City, and *Roura & Melamed*, for appellants.

*Rebore, Thorpe & Pisarello, P.C.,* Farmingdale (*Paul W. Thorpe, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

BUCKLEY, J.

At issue on this appeal is whether tree wells are part of the "sidewalk" for purposes of Administrative Code of the City of New York § 7-210, which requires owners of real property to maintain abutting sidewalks in a reasonably safe condition.

Title 19, chapter 1 of the Administrative Code, "Streets and Sidewalks," defines "sidewalk" as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, *intended for the use of pedestrians*" (Administrative Code § 19-101 [d] [emphasis added]). Neither trees nor tree wells are "intended for the use of pedestrians," and therefore they are not part of the sidewalk.

Administrative Code § 18-104 entrusts the Department of Parks and Recreation with "exclusive jurisdiction" over "[t]he planting, care and cultivation of all trees and other forms of vegetation in streets." The "care" of the trees would necessarily entail the tree wells, which encompass soil and roots. Moreover, the statute makes evident that the trees are "in streets," and thus something separate and distinct from streets. The Department is to "employ the most improved methods for the protection and cultivation" of trees under its "exclusive care and cultivation" (Administrative Code § 18-105), which would include tree wells, which exist for the protection of trees.

Accordingly, the order of the Supreme Court, New York County (Judith J. Gische, J.), entered September 21, 2006, which granted defendant's motion for summary judgment dismissing the complaint, should be affirmed, without costs.

GONZALEZ, J. (dissenting). Because the majority misapprehends the meaning of the term "sidewalk," as used in Administrative Code of the City of New York § 7-210, I respectfully dissent and would reverse the order granting defendant's motion to dismiss the complaint.

The facts relevant to this appeal are as follows. On January 31, 2004, plaintiff Dzafer Vucetovic was walking down East 58th Street in Manhattan when he stepped into a tree well on the sidewalk and tripped on one of the cobblestones, allegedly

injuring his ankle and back. The tree well, from which a tree had been removed by the City some four months earlier, was directly in front of 234 East 58th Street, a building owned by defendant. Plaintiffs commenced the instant action for personal injuries alleging that defendant was negligent in failing to maintain the sidewalk in a reasonably safe condition in violation of the newly enacted section 7-210 of the Administrative Code of the City of New York, which applies to accidents occurring on or after September 14, 2003.

Defendant moved for summary judgment, arguing that although the new Code provision transferred the duty to maintain sidewalks from the City to the abutting landowner, that duty did not encompass tree wells. Plaintiff opposed, arguing that the statute is worded in a manner that would include all parts of the sidewalk, including tree wells, and that existing case law supports his position that tree wells are part of the sidewalk.

In granting defendant's motion and dismissing the complaint, the motion court stated that "[a] literal reading of § 7-210 reveals that the abutting landowner is responsible only for *sidewalk* repairs" and that "the [C]ode does not impose a legal responsibility on defendant to make any repairs to the tree well, or the cobblestones surrounding it." (2006 NY Slip Op 30210[U], at *7, 8.) The court further noted that tree pruning and removal continue to fall within the responsibility of the City under the Administrative Code, and that given the absence of evidence that defendant violated any applicable Code provision or was otherwise negligent, plaintiff has failed to raise a triable issue of fact as to defendant's negligence.

On appeal, plaintiff argues that section 7-210 covers all portions of a sidewalk, including tree wells, and is applicable in this case. I agree. Subdivision (a) of section 7-210 states: "It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition." In addition, subdivision (b) of section 7-210 provides two examples of what constitutes a failure to maintain a sidewalk: "Failure to maintain such sidewalk in a reasonably safe condition *shall include, but not be limited to*, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk" (emphasis added). Thus, by its use of the phrase "including, but not limited to," section 7-210 expressly acknowledges that an

owner's duty extends beyond merely repairing the sidewalk flags or removing ice and snow.

Plaintiffs also note that certain definitions of the term "sidewalk" found in the Administrative Code and the Vehicle and Traffic Law support their more inclusive reading of that term. For instance, section 19-101 (d) of the Code defines "sidewalk" as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians." Similarly, Vehicle and Traffic Law § 144 defines "sidewalk" as "[t]hat portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians." Obviously, under either of these definitions, tree wells that lie within the physical boundaries of a sidewalk would fall within the scope of the term "sidewalk."

In addition, the few cases interpreting the term "sidewalk" in similar contexts, both before and after the adoption of section 7-210, uniformly support plaintiffs' view of that term (see *Acosta v City of New York*, 24 AD3d 291, 292 [2005] [dismissing plaintiff's claim because City was responsible for maintaining sidewalk prior to enactment of section 7-210; but noting that soil area of tree well was "part of the sidewalk"]; *LoCurto v City of New York*, 2 AD3d 277, 277 [2003] ["(w)e are in accord with the other Departments that a grassy area between a curb and a paved sidewalk is part of the sidewalk, as defined in Vehicle and Traffic Law § 144"]; *Jasinski v City of New York*, 290 AD2d 237, 239 [2002] ["evidence in the record demonstrates that the sidewalk, of which the tree-well in question is part, is necessary and essential to the beneficial use of the commercial unit located in the premises"]).

I also reject defendant's argument, implicitly accepted by the motion court, that the City's Parks Department's continuing exclusive jurisdiction over trees on public property somehow negates an abutting landowner's statutory duty to maintain the sidewalk (see Administrative Code of City of NY §§ 18-105, 18-129). The short answer is that it does not, as a landowner's duty to maintain the sidewalk (including the tree wells) in a reasonably safe condition and the Parks Department's duty to prune or remove trees are neither mutually exclusive, nor in conflict with each other.

Accordingly, I would hold that the term "sidewalk" as used in Administrative Code § 7-210 encompasses a tree well that is

contained within such sidewalk, and that the duty imposed by such Code provision is applicable to defendant herein. Of course, whether this defendant violated section 7-210, as well as further issues of proximate cause and comparative negligence, would be reserved for trial.

Tom, J.P., and Malone, J., concur with Buckley, J.; Andrias and Gonzalez, JJ., dissent in a separate opinion by Gonzalez, J.

Order, Supreme Court, New York County, entered September 21, 2006, affirmed, without costs.