■ LEONARD GELSTEIN, Respondent, v CITY OF NEW YORK, Defendant, and 51 REMSEN STREET CORP., Appellant. [61 NYS3d 51]—

In an action to recover damages for personal injuries, the defendant 51 Remsen Street Corp. appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated November 16, 2016, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On or about December 26, 2012, on Montague Terrace in Brooklyn, the plaintiff allegedly was injured when he "stepped into" the side of the sidewalk abutting real property owned by the defendant 51 Remsen Street Corp. (hereinafter 51 Remsen) and fell. In February 2014, the plaintiff commenced this action against 51 Remsen and the City of New York to recover damages for the injuries he allegedly sustained in connection with his fall. After discovery, 51 Remsen moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that the plaintiff's injuries were caused, not by any dangerous or defective sidewalk condition, but entirely by the dangerous condition of the curb. The Supreme Court denied the motion. 51 Remsen appeals.

"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (*Buonviaggio v Parkside Assoc., L.P.*, 120 AD3d 460, 461 [2014] [internal quotation marks omitted]). "The exceptions to this rule are when the landowner actually created the dangerous condition, made negligent repairs that caused the condition, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk" (*id.* at 461).

Administrative Code of the City of New York § 7-210 imposes a duty on "the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition," and provides that the owner of said real property "shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition" (Administrative Code § 7-210 [a], [b]). "Sidewalk" is defined as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, *but not including the curb*, intended for the use of pedestrians" (Administrative Code § 19-101 [d] [emphasis added]; *see Alleyne v City of New York*, 89 AD3d 970, 971 [2011]; *Ascencio v New York City Hous. Auth.*, 77 AD3d 592, 592-593 [2010]).

Here, the Supreme Court properly denied the motion of 51 Remsen for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, 51 Remsen submitted a notice to admit and related documents demonstrating that in 1995, it had replaced the subject sidewalk where the plaintiff alleges to have fallen. 51 Remsen also submitted the affidavit of its expert, as well as the plaintiff's deposition transcript. 51 Remsen's expert opined that while the sidewalk was in good condition, set properly, and free of tripping defects, the curb was "problematic" because it did not meet City Department of Transportation height regulations. The plaintiff, however, testified at his deposition that there was a "[l]ittle gap" between the curb and the sidewalk. Viewing the evidence in the light most favorable to the plaintiff as the nonmovant (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), 51 Remsen failed to eliminate all triable issues of fact regarding whether it had a duty to maintain the area of the plaintiff's fall, and whether the alleged dangerous sidewalk condition, i.e., an improper setback from the curb, was attributable to its negligence and contributed to the plaintiff's fall (*see Baird v Four Winds Hosp.*, 140 AD3d 810, 811 [2016]; *Metzker v City of New York*, 139 AD3d 828, 830 [2016]).

Since 51 Remsen failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]). Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.