In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Butler, J.), entered October 27, 2016, which denied its motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
 

 The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him on a sidewalk abutting the defendant’s building on West 57th Street near the corner of 11th Avenue in Manhattan when an equipment cart he and a coworker were delivering to a tenant in the subject building was caused to come to an abrupt stop, striking him and causing him to fall. Upon the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
 

 Pursuant to Administrative Code of the City of New York § 7-210 (a), “the owner of real property abutting any sidewalk” has a duty “to maintain such sidewalk in a reasonably safe condition” (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520 [2008]; Gelstein v City of New York, 153 AD3d 604, 605 [2017]). “Notwithstanding any other provision of law, the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition” (Administrative Code § 7-210 [b]).
 

 Here, the defendant met its prima facie burden by demonstrating, through the submission of the plaintiff’s deposition testimony, that the plaintiff was unable to identify a dangerous or defective condition that caused the accident (see Mitthauer v T. Moriarty & Son, Inc., 69 AJD3d 588, 589 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit he submitted in opposition to the motion merely raised what appeared to be feigned issues of fact designed to avoid the consequences of his earlier deposition testimony and, therefore, was insufficient to defeat summary judgment (see Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993 [2010]; Denicola v Costello, 44 AD3d 990 [2007]).
 

 Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.