Robles v Time Warner Cable Inc. (2018 NY Slip Op 08244)





Robles v Time Warner Cable Inc.


2018 NY Slip Op 08244


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7777 159637/15

[*1]Rosa Altagracia Martinez Robles, Plaintiff-Appellant,
v
Time Warner Cable Inc., et al., Defendants-Respondents.


Wingate, Russotti, Shapiro & Halerin, LLP, New York (David M. Hoffman of counsel), for appellant.
Newman Myers Kreines Gross Harris, P.C., New York (Charles W. Kreines of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 10, 2017, which, inter alia, granted the motion of defendant Time Warner Cable New York City LLC (Time Warner) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Time Warner failed to establish entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when she tripped and fell over a defect in a public sidewalk that was near Time Warner's metal box cover installed in the sidewalk. Although the defect in the sidewalk was more than 12 inches from the subject metal box, and 34 RCNY 2-07(b) only requires Time Warner to maintain and repair the box cover and the 12-inch perimeter around it, Time Warner also has a common-law duty not to create a hazardous condition on the sidewalk (see Shehata v City of New York, 128 AD3d 944, 946-947 [2d Dept 2015]), and, further, as a special user of the public sidewalk, has a "duty to maintain the area of the special use in a reasonably safe condition" (Weiskopf v City of New York, 5 AD3d 202, 203 [1st Dept 2004]). Additionally, constructive notice may be imputed where, as here, there is a duty under the administrative code to conduct inspections of the box covers (see 34 RCNY 2-07(b); Singh v United Cerebral Palsy of NY City, Inc., 72 AD3d 272, 276 [1st Dept 2010]).
Here, the evidence, including the testimony of Time Warner's construction manager, shows that Time Warner did not regularly inspect its box covers, as required by the regulation it relied upon (see 34 RCNY 2-07[b]), and that, if the area had been inspected, Time Warner would have repaired the cracked sidewalk condition around the box cover and replaced the sidewalk flag, which extends to the spot where plaintiff tripped. Time Warner also submitted the affidavit of an engineer who measured the distance between plaintiff's fall and the box cover as more than 12 inches, but did not address whether or not the metal box installed in the sidewalk created the [*2]cracked condition around the box cover that extended to the spot where plaintiff fell. Furthermore, the fact that Time Warner did not install the box cover itself has no bearing since the duty to maintain the area of the special use "runs with the land as long as it is maintained for the benefit of a special user" (Weiskopf at 203).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK