Xiao Jin v City of New York (2023 NY Slip Op 04685)

Xiao Jin v City of New York

2023 NY Slip Op 04685

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00891
 (Index No. 703026/17)

[*1]Xiao Jin, appellant, 
v
City of New York, defendant, Viktoria Beress, etc., respondent (and third-party actions).

Krause & Glassmith, LLP, New York, NY (Paul Maiorana of counsel), for appellant.
James F. Butler, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan), entered February 2, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Viktoria Beress which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 19, 2014, the plaintiff allegedly was injured when she fell after stepping into a hole in a grassy area between the sidewalk and the curb abutting premises owned by Eugene Wetterauer. The plaintiff commenced this consolidated action against Wetterauer and the City of New York to recover damages for the injuries she allegedly sustained. During the pendency of this action, Wetterauer died. Thereafter, Viktoria Beress (hereinafter the defendant), as executor of Wetterauer's estate, was substituted in place of Wetterauer (hereinafter the decedent). The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. In an order entered February 2, 2021, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
Liability for injuries sustained as a result of a dangerous condition on a public sidewalk is generally placed on the municipality and not on the owner of the abutting land (see Gelstein v City of New York, 153 AD3d 604, 604; Buonviaggio v Parkside Assoc., L.P., 120 AD3d 460, 461). "The exceptions to this rule are when the landowner actually created the dangerous condition, made negligent repairs that caused the condition, created the dangerous condition through [*2]a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk" (Gelstein v City of New York, 153 AD3d at 604 [internal quotation marks omitted]; see Buonviaggio v Parkside Assoc., L.P., 120 AD3d at 461).
Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by demonstrating there was no statute or ordinance imposing liability on the decedent and that the decedent did not create the dangerous condition, make negligent repairs that caused the condition, or create the dangerous condition through a special use of the area between the sidewalk and the curb (see O'Brien v Village of Babylon, 196 AD3d 494, 495; Dibitetto v Ferriello, 114 AD3d 501, 501; Crawford v City of New York, 98 AD3d 935, 936). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Contrary to the plaintiff's contention, liability should not have been imposed on the basis that the decedent made negligent repairs. Although during his deposition the decedent testified that he tried to fill the hole on several occasions but that the hole reappeared, this testimony did not raise a triable issue of fact with regard to whether the decedent made negligent repairs that caused the dangerous condition (see Gelstein v City of New York, 153 AD3d at 604; Meyer v Guinta, 262 AD2d 463, 463). No evidence demonstrated that the decedent acted negligently in attempting to fill the hole on the public right of way and that such negligence contributed to the plaintiff's fall (see Castiglione v Village of Ellenville, 291 AD2d 769, 770-771). Similarly, liability could not be premised on the decedent's failure to mow or remove the weeds surrounding the hole (see id. at 770-771). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court